[Cite as *State v. Toms*, 2017-Ohio-1576.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-562 |
| v. | : | (C.P.C. No. 15CR-6332) |
| Robin W. Toms, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 27, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee. **Argued:** *Sheryl L. Prichard*.

**On brief:** *Yeura R. Venters*, Public Defender, and *John W. Keeling*, for appellant. **Argued:** *John W. Keeling*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Robin W. Toms, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we reverse that judgment and remand the matter for resentencing.

## I. Factual and Procedural Background

{¶ 2} On December 23, 2015, a Franklin County Grand Jury indicted appellant with counts of aggravated arson in violation of R.C. 2909.02, arson in violation of R.C. 2909.03, vandalism in violation of R.C. 2909.05, and breaking and entering in violation of R.C. 2911.13. The indictment arose from a fire that appellant started after he broke into a warehouse in Columbus, Ohio. The fire destroyed the building and caused significant financial loss. (June 30, 2016 Sentencing Hearing Tr. at 3-4.) Appellant

entered a not guilty plea to the charges but later withdrew that plea and entered guilty pleas to counts of arson, vandalism, and breaking and entering.

{¶ 3}   At his sentencing hearing, appellant requested the trial court to merge his convictions for arson and vandalism for purposes of sentencing.  The trial court denied the request, noting that the warehouse owner wrote in his victim's impact statement that the appellant "tried to disable the sprinkler system by shutting off valves to it."  *Id.* at 9.  The trial court concluded that such conduct supported the vandalism offense and was separate and distinct from the conduct supporting the arson offense.  Ultimately, the trial court sentenced appellant to a total of three years in prison.

## II. The Appeal

{¶ 4}   Appellant appeals and assigns the following error:

> The trial court erred when it sentenced the defendant, over objection, to separate, consecutive sentences on the vandalism and arson charges when these offenses were allied offenses of similar import and the defendant could only be sentenced on one.

### A.  Merger of Offenses for Sentencing

{¶ 5}   Appellant argues that the trial court erred by not merging his arson and vandalism offenses for purposes of sentencing.  We agree.

{¶ 6}   R.C. 2941.25, Ohio's multiple count statute, provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 7}   R.C. 2941.25(A) allows only a single conviction[1] for conduct that constitutes "allied offenses of similar import."  But under R.C. 2941.25(B), a defendant charged with

---

[1] A "conviction" consists of a guilty verdict and the imposition of a sentence or penalty, and therefore the mandate in R.C. 2941.25(A) that a defendant may be convicted of only one allied offense is a protection against multiple sentences rather than multiple convictions. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 12, 18.

multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 13. In *Ruff*, the Supreme Court of Ohio set forth a test for determining whether offenses merge under the statute:

> [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

{¶ 8} At its heart, the allied-offense analysis is dependent upon the facts of the case because R.C. 2941.25 focuses on the defendant's conduct. Thus, when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A), courts must first take into account the conduct of the defendant. In other words, how were the offenses committed? *Ruff* at ¶ 25-26.

{¶ 9} We review a trial court's merger determination de novo. *State v. Rivera*, 10th Dist. No. 12AP-691, 2014-Ohio-842, ¶ 12, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1.

### B. The Merger Analysis

{¶ 10} The trial court concluded that separate conduct supported the vandalism and arson offenses and, therefore, they did not merge for sentencing. The conduct the trial court relied on to support the arson offense was simple and separate: appellant started fires inside the warehouse. This conduct easily satisfies the elements of arson in violation of R.C. 2909.03(A)(1), which prohibits any person, by means of fire or explosion, from knowingly causing or creating a substantial risk of physical harm to any property of another without the other person's consent.

{¶ 11} To support the vandalism offense, the trial court noted that appellant tried to disable the sprinkler system by shutting off valves to the system. Admittedly, this

conduct is separate from the act of starting fires. This conduct, however, does not support the offense of vandalism in this case. As charged in this case, vandalism in violation of R.C. 2909.05(B)(1)(a) prohibits any person from knowingly causing physical harm to property that is owned or possessed by another, when the property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is one thousand dollars or more. Appellant's attempt to turn off the sprinkler system by shutting off its valves is not conduct that can support this offense. That conduct, by itself, did not cause any physical harm to the property.

{¶ 12} The only possible conduct that could satisfy the charged offense of vandalism in this case is setting the fire that destroyed the building. That conduct, which is the same conduct supporting the arson offense, is the only conduct that caused one thousand dollars or more of physical harm to the property.[2] It is clear that the conduct underlying the arson and vandalism offenses was the same: setting fires that destroyed the warehouse. Therefore, the offenses must merge for purposes of sentencing, as appellant did not commit the offenses by separate conduct. *State v. Love*, 3d Dist. No. 9-13-09, 2014-Ohio-437, ¶ 41-42 (trial court erred by not merging arson and vandalism counts arising from fire started by defendant that engulfed the building). Accordingly, the trial court erred by not merging the arson and vandalism offenses for purposes of sentencing.

## III. Conclusion

{¶ 13} Because the trial court erred in not merging appellant's arson and vandalism offenses, we sustain appellant's lone assignment of error and reverse the trial court's judgment. Accordingly, we remand the matter for resentencing and for the state to elect whether appellant is to be sentenced for his arson or vandalism offense.

*Judgment reversed; cause remanded with instructions.*

BRUNNER and HORTON, JJ., concur.

---

[2] Tellingly, the indictment in this case also alleged that appellant's act of vandalism caused more than $150,000 of harm, an allegation that increased the severity of the vandalism offense to a felony of the third degree from a felony of the fifth degree. R.C. 2909.05(E). This amount of damage could only have been caused by the fire which destroyed the warehouse, not the act of attempting to turn off a sprinkler system.