[Cite as *State v. Johnson*, 2017-Ohio-9286.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 16AP-860 (C.P.C. No. 14CR-5733) 16AP-868 |
| v. | : | (C.P.C. No. 15CR-4235) and 16AP-869 |
| Thomas A. Johnson, | : | (C.P.C. No. 15CR-6419) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on December 28, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *The Law Office of Donald Gallick LLC* and *Donald Gallick,* for appellant. **Argued:** *Donald Gallick.*

APPEALS from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Thomas A. Johnson, appeals the sentences he received in three separate criminal cases in the Franklin County Court of Common Pleas after pleading guilty to multiple violent and drug-related felonies. As explained below, the trial court did not err when sentencing Johnson. Accordingly, we affirm the judgments in all three cases.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} On June 27, 2013, Johnson and a companion drove to the home of an individual who they believed had murdered one of their friends, got out of the car, and fired shots into the house. A person with no connection to the murder was inside. (June 13, 2016 Tr. at 9.) Johnson and his companion then drove to another residence,

where they exited their vehicle and shot into the residence multiple times. Three persons were inside at the time.[1] (Tr. at 10.)

{¶ 3} On October 28, 2014, Johnson and his companion were indicted on the following charges: two counts of improperly discharging a firearm at or into a habitation, a second degree felony under R.C. 2923.161, each count with a three-year firearm specification under R.C. 2941.145(A) and one with a five-year "drive by" firearm specification under R.C. 2941.146(A); four counts of felonious assault, a second degree felony under R.C. 2903.11, each count with a three-year firearm specification under R.C. 2941.145(A) and three with five-year "drive by" firearm specifications under R.C. 2941.146(A); one count of carrying a concealed weapon, a second degree felony under R.C. 2923.12; and one count of improperly handling a firearm in a motor vehicle under R.C. 2923.16, a felony of the fourth degree. (Oct. 28, 2014 Indictment in case No. 14CR-5733.)

{¶ 4} On August 20, 2015, police officers observed Johnson driving and in pursuit of another vehicle, which he cut off. Johnson got out and went up to the driver of the car he was pursuing, at which time the officers drew their weapons and arrested him. A seven-month-old child was in the car. Johnson told the officers that he sold heroin and was in possession of over 10 grams of the substance. (June 13, 2016 Tr. at 12.) Johnson was subsequently indicted on one count of possession of heroin under R.C. 2925.11, a second degree felony, and one count of trafficking in heroin under R.C. 2925.03, a first degree felony, with a sentencing enhancement for committing the offense in the vicinity of a juvenile under R.C. 2925.01. (Aug. 28, 2015 Indictment in case No. 15CR-4235.)

{¶ 5} On December 5, 2015, Johnson was arrested pursuant to an outstanding warrant and was discovered to be in possession of an ounce of heroin. (June 13, 2016 Tr. at 13.) He was subsequently indicted on one count of possession of heroin under R.C. 2925.11, a second degree felony, and one count of trafficking in heroin under R.C. 2925.03, a second degree felony. (Dec. 30, 2015 Indictment in case No. 15CR-6419.)

{¶ 6} Johnson initially entered pleas of not guilty to all the charges, but subsequently reached a plea deal with the prosecutor. In exchange for pleading guilty, the

---

[1] Johnson stipulated to the factual basis for all the charges against him at the plea hearing. (June 13, 2016 Tr. at 10-11.)

prosecution dropped the five-year "drive by" specifications under R.C. 2941.146(A) from the June 27, 2013 shootings, the possession of heroin charge under R.C. 2925.11 and the sentencing enhancement from the August 20, 2015 incident, and the possession of heroin charge under R.C. 2925.11 from the December 5, 2015 arrest. (June 13, 2016 Tr. at 4-7.)

{¶ 7} A sentencing hearing was held on November 16, 2016.[2] For the offenses arising from the June 27, 2013 shootings, the trial court sentenced Johnson to four years each for the two counts of improper discharge of a firearm into a residence and four felonious assault counts, nine months each for carrying a concealed weapon and improper handling of a firearm in a motor vehicle, and three years for two of the firearm specifications. The trial court ordered the two counts of improper discharge of a firearm into a residence to be served concurrently but consecutive to the counts of felonious assault, carrying a concealed weapon and improper handling of a firearm in a motor vehicle, which were all to be served concurrently. The two three-year firearm specifications were to be served consecutive to all other counts and consecutive to the sentences in Johnson's other cases. (Nov. 17, 2016 Jgmt. Entry in case No. 14CR-5733.) The trial court sentenced Johnson to two years on each of the trafficking in heroin charges in the other cases, for a total aggregate sentence of eighteen years imprisonment. (Nov. 17, 2016 Jgmt. Entry in case No. 15CR-4235 & Nov. 17, 2016 Jgmt. Entry in case No. 15CR-6419.)

{¶ 8} Johnson filed timely notices of appeal of these sentences, and asserts the following assignments of error:

> [I.] THE TRIAL COURT FAILED TO CONDUCT A MANDATORY ANALYSIS OF MERGER AND ALLIED OFFENSES OF SIMILAR IMPORT IN 14 CR 5733.
>
> [II.] THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT ANNOUNCING AT

---

[2] As the party bearing the burden of demonstrating error, the appellant has the duty of providing any relevant transcript from the record in the trial court to the court of appeals. App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Appellant did not provide a transcript of the November 16, 2016 sentencing hearing with the record on appeal. Although such an omission typically requires the appellate court to assume the validity of the proceedings below and affirm, exceptions may be made in the interests of justice. *Knapp* at 200 (remanding case to the trial court for preparation of an alternative to transcript under App.R. 9); *In re T.G.*, 4th Dist. No. 15CA24, 2015-Ohio-5330, ¶ 9. Accordingly, we will review Johnson's assignments of error with reference to a transcript of the November 16, 2016 sentencing hearing, in lieu of summarily affirming his sentence.

THE SENTENCING HEARING WHICH FINDING REQUIRED [THAT] THE SENTENCES BE SERVED CONSECUTIVELY AS MANDATED BY STATE V. BONNELL.

[III.] THE TRIAL COURT ERRED BY IMPOSING SENTENCES ON FELONY CASES WITHOUT CONSIDERING THE OVERRIDING PURPOSE[S] OF FELONY SENTENCING.

## II. ANALYSIS

{¶ 9}   Before reaching Johnson's assignments of error, we consider the applicable standards of review. A defendant may appeal a sentence on the grounds that the sentence imposed by the trial court was "contrary to law." R.C. 2953.08(A)(4). The statute expressly states that the standard of review "is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). Rather, an appellate court may overturn the trial court only if the appellate court "clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings" required to be made under R.C. 2929.13 or 2929.14, or, if "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). Under this "deferential" standard:

> "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 10}   We apply a considerably less deferential standard to Johnson's appeal of the trial court's merger analysis under R.C. 2941.25, which requires only de novo review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1; *State v. Toms*, 10th Dist. No. 16AP-562, 2017-Ohio-1576, ¶ 9.

{¶ 11}   We consider each of Johnson's assignments of error in turn.

### A.  First Assignment of Error

{¶ 12}   In support of the first assignment of error, Johnson argues that the trial court failed to perform the three-part merger analysis required by *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995.

{¶ 13} In *Ruff*, the Supreme Court of Ohio construed R.C. 2941.25, the General Assembly's codification of the prohibition on multiple punishments for the same offense in the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *Id.* at ¶ 10-14. R.C. 2941.25 states that:

> (A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B)  Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Ruff* at paragraph one of the syllabus. *Ruff* also held that "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. Furthermore, "[u]nder R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus.

{¶ 15} During the sentencing hearing, Johnson's attorney made two arguments for merger. First, based on the first shooting, he requested that the conviction for improper discharge of a firearm into a residence and the felonious assault conviction should merge because they "occurred in concert with the firing into that particular residence." (Nov. 16, 2016 Tr. at 8.) Second, based on the shooting into the second residence, Johnson's attorney requested that all other convictions should merge. Those convictions included another conviction for improper discharge of a firearm into a residence, three felonious assault convictions, and convictions for carrying a concealed weapon and improper

handling of a firearm in a motor vehicle. Johnson's attorney argued that these were "all part and parcel of the same incident," and should therefore merge. *Id.*

{¶ 16} The trial court stated that merger did not apply. It acknowledged that there were "some compelling arguments regarding concurrent time, to a certain extent," but based its determination on the fact that the offenses involved "multiple victims." (Tr. at 14-15.) The trial court emphasized the fact that even "in one incident with one bullet," a perpetrator could "end[] up shooting two people and killing them." *Id.*

{¶ 17} Johnson's argument on appeal does not specify which counts he believed the trial court should have merged. Nor does he present any argument as to why any of them should have merged. He merely asserts that the trial court failed to apply *Ruff*'s three-part test correctly. (Appellant's Brief at 5-6).

{¶ 18} Although the trial court may not have used the precise language of *Ruff* to analyze merger, denying merger on the grounds that the offenses in question involved multiple victims is, in essence, a determination that the offenses were of dissimilar import. *Ruff* at paragraph one of the syllabus (stating that offenses are "of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims"). Furthermore, "offenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm." *Id.* at ¶ 21.

{¶ 19} R.C. 2923.61(A)(1) defines the offense of an improper discharge of a firearm at or into a habitation of which Johnson was convicted. The statute states: "No person, without privilege to do so, shall knowingly * * * [d]ischarge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual." *Id.* This offense occurs "regardless of the presence of people." *State v. Grayson*, 8th Dist. No. 105081, 2017-Ohio-7175, ¶ 8 (finding that an improper discharge of a firearm at or into a habitation and felonious assault were offenses of dissimilar import). In contrast, by prohibiting a "person" from causing or attempting to cause physical harm "to another," felonious assault requires a human victim. *See* R.C. 2903.11(A)(2). There is nothing particular to Johnson's course of conduct in committing this offense that would allow these offenses to merge under R.C. 2941.25 by applying *Ruff.* Accordingly, the trial court did not err by denying his request to merge them.

{¶ 20} The three convictions for felonious assault arising from the second shooting committed by Johnson do not merge for the same reason. Three individuals were inside the home at the time and constituted three separate victims.

{¶ 21} Finally, the trial court did not err by refusing to merge the convictions for carrying a concealed weapon and improper handling of a firearm in a motor vehicle with the foregoing offenses. Johnson's conviction for carrying a concealed weapon arose under R.C. 2923.12(A)(2), which states: "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun." His conviction for improper handling of a firearm in a motor vehicle arose under R.C. 2923.16(B), which provides: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." Because the commission of these offenses occurred both before and after Johnson discharged the weapon at the residences and the people inside of them, they were "not alike in their significance and their resulting harm" compared to the convictions for improper discharge of a firearm at or into a habitation and felonious assault. *Ruff* at ¶ 21. Finally, we note that Johnson does not argue on appeal, and his attorney did not argue to the trial court, that his convictions for carrying a concealed weapon and improper handling of a firearm in a motor vehicle should have merely merged with each other. Rather, the argument was that they, along with the convictions for improper discharge of a firearm at or into a habitation and convictions for felonious assault should all have merged. Based on our de novo review, Johnson has failed to explain how his conduct could be analyzed under *Ruff* to overcome the trial court's determination that the offenses were of dissimilar import. Accordingly, the first assignment of error is overruled.

## B. Second Assignment of Error

{¶ 22} In support of the second assignment of error, Johnson argues that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) to justify imposing consecutive sentences for the two drug offenses. (Appellant's Brief at 7-8.)

{¶ 23} R.C. 2929.14(C)(4), which governs the imposition of consecutive sentences, states:

> If multiple prison terms are imposed on an offender for
> convictions of multiple offenses, the court may require the

offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 24} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶ 25} Johnson argues that the trial court failed to make findings under any of the the R.C. 2929.14(C)(4) factors. (Appellant's Brief at 7-8.) However, the remarks made at sentencing do not support this argument.

{¶ 26} At sentencing, the trial court first imposed consecutive sentences for the two shootings that formed the basis for the first case. Johnson does not appeal the imposition of those consecutive sentences, only the ones for his drug convictions. When sentencing Johnson for the shootings, the trial court stated:

The Court recognizes that there is a presumption under the law in favor of concurrent sentences, and the consecutive terms are only to be applied, if necessary, to punish and protect, and that they are not disproportionate.

And further, that the Court finds that multiple - - that either multiple offenses committed in a single course of conduct and harm so great and unusual that a single term does not adequately reflect [the seriousness].

Looking into those matters, I am struck by the fact that they shot into a house that they didn't even mean to shoot into. * * *

And instead of realizing their mistake, changing their mind, moving on, they went and shot into another house at 11:07. That's pretty close to a single course of conduct. And, again, the wrong house.

So these are people that are very dangerous and show no regard for the safety of others.

* * *

Regarding the harm, we had four people who came within inches of dying. I mean, we almost had literally four murder cases on our hands.

So I think with this kind of conduct and this disregard for other people, I think it's necessary to both punish the Defendant and protect society, and I don't think a single sentence would adequately reflect the seriousness of the offense.

(Nov. 16, 2016 Tr. at 15-16.)

{¶ 27} The trial court then moved on to the sentences for the drug offenses, stating:

And then after the shooting is when each of these separate drug offenses came. They didn't predate, they postdated the shootings, the conduct did. And it wasn't one event, it was two separate events.

So for the same reasons I articulated regarding the need for [] consecutive sentences. Again, this is a man who doesn't understand the seriousness of his offense, and it's necessary to punish and protect society for his conduct.

And the amount of drugs, a single sentence just doesn't reflect the seriousness of the offense. But, again, proportionality still must be the Court's guide.

> And accordingly, the Court's going to impose the minimum of two years on each of the two heroin counts, * * * and run the same consecutive with one another, for a total sentence in all of these matters of 18 years.

(Tr. at 18.)

{¶ 28} The trial court's finding that the drug offenses "postdated the shootings" was cited as a basis for imposing consecutives sentences. This finding arose under R.C. 2929.14(C)(4)(c) because it concerned the "offender's history of criminal conduct." Furthermore, the trial court found that the drug convictions arose from "separate events," and, based on the amount of heroin involved, "a single sentence just [wouldn't] reflect the seriousness of the offense." (Tr. at 18.) This finding comported with R.C. 2929.14(C)(4)(b) because the trial court described "multiple offenses" arising from different courses of conduct, and identified the amount of drugs as a justification for imposing consecutive sentences. Because the trial court's findings were grounded in at least two of the three statutory factors, and only one was required under R.C. 2929.14(C)(4), Johnson has failed to demonstrate that the imposition of consecutive sentences was clearly contrary to law. Accordingly, the second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 29} In the final assignment of error, Johnson argues that the trial court failed to consider the overriding purposes of felony sentencing, as required by R.C. 2929.11 and 2929.12. (Appellant's Brief at 9-10.)

{¶ 30} Each of the three judgment entries from which Johnson appeals states the following: "The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." On multiple occasions, we have held that "such language in a judgment entry refutes an offender's claim that the trial court failed to consider the purposes and principles of sentencing as set forth in R.C. 2929.11, and the seriousness and recidivism factors established in R.C. 2929.12." *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15, citing *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845, ¶ 26, *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, ¶ 22 and *State v. Pankey*, 10th Dist. No. 11AP-378, 2011-Ohio-6461, ¶ 22. Because the language of the judgment entries demonstrates that the trial court did, in fact,

consider the principles and purposes of sentencing, as required by R.C. 2929.11, and the factors under R.C. 2929.12, the third assignment of error is overruled.

## III. CONCLUSION

{¶ 31} Because Johnson has not demonstrated that the trial court's denial of his request to merge his convictions was in error, the first assignment of error is overruled. Because the imposition of consecutive sentences was not contrary to law, the second assignment of error is overruled. Finally, because the trial court's judgment entry demonstrates that it did properly consider and apply R.C. 2929.11 and 2929.12 when sentencing Johnson, the third assignment of error is overruled. Accordingly, the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

TYACK, P.J. and BRUNNER, J., concur.

————————————