[Cite as *State v. Crossley*, 2020-Ohio-6639.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-121 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-446 |
| | : | and 2018-CR-601 |
| VON CROSSLEY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of December, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
 Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Dayton, Ohio 45434
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} This case is before us on defendant-appellant Von Crossley's reopened appeal from his conviction on single counts of carrying a concealed weapon, improperly handling firearms in a motor vehicle, and receiving stolen property in Clark C.P. No. 2018-CR-446.[1]  We agreed to reopen Crossley's appeal after finding that there was a genuine issue as to whether Crossley's appellate counsel was ineffective for failing to raise the issue of whether Crossley's carrying a concealed weapon and improperly handling firearms offenses should have merged as allied offenses of similar import, and thus whether Crossley's trial counsel was ineffective for failing to object to the trial court's decision not to merge those offenses at sentencing.   For the reasons outlined below, we find that the trial court should have merged those offenses and that Crossley's trial and appellate counsel provided ineffective assistance.   Crossley's judgment of conviction for carrying a concealed weapon and improperly handling firearms in a motor vehicle will therefore be reversed.   The matter will be remanded for the State to elect which of those offenses to pursue at sentencing and for the trial court to resentence Crossley accordingly.

**Facts and Course of Proceedings**

{¶ 2} On June 28, 2018, police officers in Springfield, Ohio, were dispatched to West Jefferson Street on a report of a male with a firearm traveling in a green or gray Chevy truck with a yellow oscillating light on its roof.   After receiving the description of

---

[1]  The caption of this case lists two trial court case numbers, but there are no issues before us related to Clark C.P. No. 2018-CR-601, and Crossley's appeal of that case was not reopened.  *See* Decision & Entry, March 3, 2020.   Crossley has another pending appeal, Clark App. No. 2020-CA-10, which does involve both trial court cases.

the suspect vehicle, one of the responding officers spotted a gray truck with a yellow oscillating light traveling south on Western Avenue. Because the officer believed that the truck was the suspect vehicle, the officer stopped the truck and identified the driver as Crossley.

{¶ 3} It was later discovered that Crossley was not involved in the incident that the officers were investigating. When transported to the scene of the stop, the party who reported the incident advised the officers that Crossley's truck was not the suspect vehicle and that Crossley was not the man with a firearm on West Jefferson Street. However, while Crossley was being detained, a canine alerted on his truck following a free-air sniff. The officers thereafter conducted a search of Crossley's truck, wherein they found narcotics and a stolen, loaded firearm. The firearm was located underneath the front, center seat of Crossley's truck.

{¶ 4} Following this incident, a Clark County grand jury returned two indictments against Crossley in Clark C.P. Nos. 2018-CR-446 and 2018-CR-530. In Case No. 2018-CR-446, Crossley was charged with single counts of carrying a concealed weapon in violation of R.C. 2923.12, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and receiving stolen property in violation of R.C. 2913.51(A). The charge for receiving stolen property also included a firearm specification. In Case No. 2018-CR-530, Crossley was charged with aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and aggravated possession of drugs in violation of R.C. 2925.11(A). Those charges also included firearm specifications. Case No. 2018-CR-601 was later filed to add a forfeiture specification to the already existing indictment in Case No. 2018-CR-530. Therefore, the charges in Case No. 2018-CR-601 were the same as in Case

No. 2018-CR-530 (aggravated trafficking and aggravated possession of drugs), but simply added a forfeiture specification.

{¶ 5} Pursuant to a plea agreement, Crossley agreed to plead guilty to all the charges in Case No. 2018-CR-446 and to the charges in Case No. 2018-CR-601.   In exchange for Crossley's guilty plea, the State agreed to dismiss Case No. 2018-CR-530 and to not bring additional proceedings related to a search warrant that had been executed at Crossley's home on August 18, 2018.   The State also agreed to a presentence investigation being conducted for purposes of sentencing.   Crossley further agreed to forfeit $195 in U.S. currency.

{¶ 6} At Crossley's plea hearing, the trial court noted that, based on *State v. Walker*, 2d Dist. Montgomery No. 23302, 2010-Ohio-2125, it was not going to merge Crossley's carrying a concealed weapon and improperly handling firearms in a motor vehicle offenses at sentencing.   The trial court, however, advised counsel that the court would accept additional research on the merger issue and that it would consider any such research before Crossley's sentencing hearing.   Crossley's trial counsel did not submit any additional research for the trial court to consider and did not object when the trial court failed to merge the carrying a concealed weapon and improperly handling firearms offenses at sentencing.

{¶ 7} With regard to Case No. 2018-CR-446, the trial court sentenced Crossley to one year in prison for carrying a concealed weapon, one year in prison for improperly handling firearms in a motor vehicle, and one year in prison for receiving stolen property. Those sentences were ordered to run consecutively for a total prison term of three years. The firearm specification attached to the receiving stolen property offense was merged

with the firearm specifications attached to the drug offenses in Case No. 2018-CR-601.

{¶ 8} In Case No. 2018-CR-601, the trial court merged the two drug offenses, and the State elected to proceed on the aggravated trafficking offense. The trial court sentenced Crossley to 8 years in prison for the aggravated trafficking offense and one year in prison for the attendant firearm specification, making his sentence a total of nine years in prison. The trial court ordered the nine-year sentence in Case No. 2018-CR-601 to run consecutively with the three-year sentence in Case No. 2018-CR-446, for a total, aggregate sentence of 12 years in prison.

{¶ 9} Crossley appealed from his conviction in both cases. On appeal, Crossley raised two assignments of error arguing that: (1) the record did not clearly and convincingly support the sentence imposed by the trial court; and (2) the imposition of maximum sentences was contrary to law. This court overruled both of Crossley's assignments of error and affirmed the judgment of the trial court in *State v. Von Crossley*, 2d Dist. Clark No. 2018-CA-121, 2019-Ohio-2938.

{¶ 10} On October 7, 2019, Crossley filed an application to reopen his appeal pursuant to App.R. 26(B). Crossley's application raised 11 issues that he claimed his appellate counsel should have, but did not, raise in his appeal. Of those 11 issues, we found that one presented a colorable claim of ineffective assistance of appellate counsel. That claim was whether appellate counsel was ineffective for failing to raise the issue of whether Crossley's carrying a concealed weapon and improperly handling firearms offenses should have merged as allied offenses of similar import and whether Crossley's trial counsel was ineffective for failing to object to the trial court's decision not to merge those offenses. We therefore granted Crossley's application for reopening as to that

claim only and ordered the case to proceed as on an initial appeal.

{¶ 11} After granting Crossley's application for reopening, we appointed new appellate counsel, who filed a merit brief on behalf of Crossley that raised a single assignment of error for review.

**Assignment of Error**

{¶ 12} Under his single assignment of error, Crossley asserts that his trial counsel rendered ineffective assistance by not objecting when the trial court failed to merge the carrying a concealed weapon and improperly handling firearms offenses.   We agree.

{¶ 13} In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.   To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation.   *Strickland* at 688; *Bradley* at 142.   To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."   *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus.

{¶ 14} When evaluating counsel's performance, a court must determine " 'whether there has been a substantial violation of any of defense counsel's essential duties to his client.' "   *Bradley* at 142, quoting *State v. Lytle*, 48 Ohio St.2d 391, 396-397, 358 N.E.2d

623 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992). Trial counsel is entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *Strickland* at 689.

{¶ 15} As previously noted, Crossley contends that his trial counsel provided ineffective assistance by failing to argue for the merger of his carrying a concealed weapon and improperly handling firearms offenses. R.C. 2941.25 governs the merger of allied offenses and provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 16} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio clarified the applicable standard to use when determining whether offenses merge as allied offenses of similar import, and stated as follows:

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶ 30-31.

{¶ 17} In *Walker*, 2d Dist. Montgomery No. 23302, 2010-Ohio-2125, this court held that carrying a concealed weapon and improperly handling firearms in a motor vehicle were not allied offenses of similar import. *Walker*, however, was decided prior to the Supreme Court of Ohio's decision in *Ruff*. The allied offense determination in *Walker* is based on an obsolete comparing-the-elements analysis that was discussed in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886, N.E.2d 181.[2] This court has not

---

[2] In *Cabrales*, the Supreme Court of Ohio attempted to clarify the comparing-the-elements test announced in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). Specifically, *Cabrales* held that *Rance* did not require a strict textual comparison of the

further considered *Walker* since the Supreme Court's decision in *Ruff*.

{¶ 18} In another decision issued before *Ruff*—*State v. Johnson*, 2d Dist. Montgomery No. 25773, 2014-Ohio-2815—this court compared the elements of carrying a concealed weapon and improperly handling firearms in a motor vehicle, and concluded that the elements of those offenses did not conflict. *Johnson* at ¶ 22-26. In so holding, we cited a decision of the Twelfth District Court of Appeals—*State v. Baker*, 12th Dist. Warren No. CA96-12-123, 1997 WL 473620 (Aug. 18, 1997). In *Baker*, after comparing the elements of each offense, the court concluded that carrying a concealed weapon and improperly handling firearms in a motor vehicle were not allied offenses. *Baker* at *4. We have not since cited our decision in *Johnson,* and the Twelfth District has not cited *Baker* in any relevant way either.

{¶ 19} Our research indicates that this court and the other appellate courts of this state have not yet analyzed whether carrying a concealed weapon and improperly handling firearms in a motor vehicle are offenses that should merge under the *Ruff* analysis. *See State v. Brown*, 8th Dist. Cuyahoga No. 107933, 2019-Ohio-3516 and

---

elements when determining whether offenses are allied offenses of similar import. *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886, N.E.2d 181, at ¶ 21-27. The Supreme Court later found the comparing-the-elements test inadequate and overruled *Rance* in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *Johnson,* the court concluded that when deciding if offenses are allied offenses of similar import, instead of comparing the elements of the offenses, the conduct of the accused must be considered, i.e., whether the offender committed multiple offenses by the same conduct. *Johnson* at ¶ 41-52. Later, in *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the court stated that its analysis in *Johnson* had been incomplete and set forth the aforementioned three-part analysis requiring courts to consider not only the conduct, but also the animus and import. *Ruff* at ¶ 16. Thereafter, a majority of the court deemed the analysis in *Johnson* to be "largely obsolete." *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11.

*State v. Johnson*, 10th Dist. Franklin Nos. 16AP-860, 16-AP-868, 16AP-869, 2017-Ohio-9286, (merger issue discussed in both cases but not decided). This court's post-*Ruff* discussion of the matter has been limited to cases in which we merely observed that the trial court decided to merge those offenses at sentencing. *See State v. McConnell*, 2d Dist. Clark No. 2018-CA-97, 2019-Ohio-2838, ¶ 8; *State v. Porter*, 2d Dist. Montgomery No. 28288, 2019-Ohio-4482, ¶ 7. *See also State v. Smith*, 11th Dist. Trumbull No. 2018-T-0061, 2019-Ohio-1952, ¶ 6. The only notable discussion on the issue has been by the Tenth District Court of Appeals in *Johnson*, wherein the court stated as follows:

> Johnson's conviction for carrying a concealed weapon arose under R.C. 2923.12(A)(2), which states: "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun." His conviction for improper handling of a firearm in a motor vehicle arose under R.C. 2923.16(B), which provides: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." Because the commission of these offenses occurred both before and after Johnson discharged the weapon at the residences and the people inside of them, they were "not alike in their significance and their resulting harm" compared to the convictions for improper discharge of a firearm at or into a habitation and felonious assault. *Ruff* at ¶ 21. Finally, we note that Johnson does not argue on appeal, and his attorney did not argue to the trial court, that his convictions for carrying a concealed weapon and improper handling of a firearm in a motor vehicle

should have merely merged with each other. Rather, the argument was that they, along with the convictions for improper discharge of a firearm at or into a habitation and convictions for felonious assault should all have merged. Based on our de novo review, Johnson has failed to explain how his conduct could be analyzed under *Ruff* to overcome the trial court's determination that the offenses were of dissimilar import.

*Johnson*, 10th Dist. Franklin Nos. 16AP-860, 16-AP-868, 16-AP-869, 2017-Ohio-9286 at ¶ 21.

{¶ 20} Per *Ruff*, when determining whether offenses are allied offenses of similar import, courts must ask whether the offenses are: (1) dissimilar in import or significance; (2) committed separately; and (3) committed with separate animus or motivation. *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 31. An affirmative answer to any of these questions means that the offenses in question are not allied offenses of similar import that merge. *Id.* As previously noted, "[t]he conduct, the animus, and the import must all be considered." *Id.*

{¶ 21} Offenses are dissimilar in import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. In this case, there were no victims, so we instead look to the harm that flows from each of Crossley's offenses. The harm or danger that flows from the offense of carrying a concealed weapon is that a person has a readily accessible firearm that could be used to harm others. The same danger flows from the offense of improperly handling firearms in a motor vehicle, as that offense is committed when a person knowingly has a loaded

firearm in a motor vehicle "in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." R.C. 2923.16(B). Because the resulting harm is the same for both offenses, we do not find that the offenses are dissimilar in import or significance.

{¶ 22} We also do not find that the offenses in this case were committed separately. Both offenses stemmed from Crossley placing a loaded firearm under the front seat of his truck on June 28, 2018. Thus, the same conduct supported both offenses. Therefore, based on the facts of this case, the first two questions under the *Ruff* analysis concerning Crossley's conduct and the import of his offenses supported merging the offenses.

{¶ 23} The State, nevertheless, maintains that merger was inappropriate under the third part of the *Ruff* analysis, i.e., that the offenses in question were committed with a separate animus. The term "animus" means " 'purpose or, more properly, immediate motive.' " *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). (Other citations omitted.) " 'Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, [a] priori, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.' " *State v. Ramey*, 2015-Ohio-5389, 55 N.E.3d 542, ¶ 70 (2d Dist.), quoting *Logan* at 131. In other words, "[i]f the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses." *State v. Hudson*, 2013-Ohio-2351, 993 N.E.2d 443, ¶ 54 (2d Dist.), quoting *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13.

{¶ 24} "The intent, or animus, necessary to commit the crime of carrying a concealed weapon, is to carry or conceal, on the person or ready at hand, a deadly weapon or dangerous ordnance. The gist of the offense is concealment[.]" (Citation omitted.) *State v. Rice*, 69 Ohio St.2d 422, 427, 433 N.E.2d 175 (1982). Thus, "[t]he purpose or immediate motive behind carrying a concealed weapon is to unlawfully hide a weapon from plain view." *State v. Robinson*, 2015-Ohio-4649, 48 N.E.3d 1030, ¶ 43 (12th Dist.).

{¶ 25} In this case, Crossley's immediate motive was to hide a loaded firearm under the front seat of his truck. That immediate motive supported the offense of carrying a concealed weapon and also resulted in Crossley committing the offense of improperly handling firearms in a motor vehicle, as that offense simply requires a person to knowingly have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the person without leaving the vehicle. *See* R.C. 2923.16(B). In turn, Crossley's concealed carry and improperly handling firearms offenses are based on Crossley's single motive to hide a loaded firearm under the front seat of his truck. Therefore, the offenses were committed with a single animus.

{¶ 26} Because the carrying a concealed weapon and improperly handling firearm offenses were not dissimilar in import or significance, were not committed by separate conduct, and were not committed with a separate animus, we find that they were allied offenses that should have been merged.

{¶ 27} In light of the foregoing, and under the particular facts and circumstances of this case, we are compelled to conclude that trial counsel's performance fell below an objective standard of reasonable representation. Despite the trial court's advising

counsel in advance that it was not going to merge the offenses in question based on *Walker*, 2d Dist. Montgomery No. 23302, 2010-Ohio-2125—an outdated case—and despite being given an opportunity to submit further research on the issue, Crossley's trial counsel never challenged the trial court's improper reliance on *Walker* and did not object when the trial court failed to merge the offenses at sentencing. We find that counsel's deficient performance in that regard prejudiced Crossley. If counsel had submitted research showing the correct analysis from *Ruff* and argued for merger of the offenses using that analysis, there is a reasonable probability that the trial court would have merged the offenses, thus reducing Crossley's sentence by one year. Ineffective assistance has therefore been established.

{¶ 28} Crossley's sole assignment of error is sustained.

## App.R. 26(B) Claim

{¶ 29} As required by App.R. 26(B)(7), Crossley's appellate brief also addresses the claim that his prior appellate counsel was ineffective in failing to raise the merger/ineffective assistance issue on appeal. A claim of ineffective assistance of appellate counsel is judged using the same two-part test in *Strickland*. *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). Therefore, Crossley "must prove that his counsel [was] deficient for failing to raise the issue he now presents" and show "that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *Id.*

{¶ 30} Upon review, we find that Crossley's prior appellate counsel was deficient. The record clearly indicates that the trial court's allied offense determination was based

on outdated caselaw that applied an obsolete allied offense analysis. Despite this, Crossley's appellate counsel failed to raise that issue and the issue of trial counsel's ineffectiveness. Since Crossley's carrying a concealed weapon and improperly handling firearm offenses should have merged under R.C. 2941.25, Crossley's appeal of those issues would have been successful. Ineffective assistance of appellate counsel has therefore been established.

{¶ 31} Crossley's App.R. 26(B) claim is sustained.


## Conclusion

{¶ 32} Having sustained Crossley's sole assignment of error and his App.R. 26(B) claim, our prior judgment in this appeal, issued on July 19, 2019, is vacated, as required by App.R. 26(B)(9), to the extent that it affirmed Crossley's judgment of conviction for carrying a concealed weapon and improperly handling firearms in a motor vehicle. We reverse Crossley's judgment of conviction for those offenses and remand this case for the State to elect which offense it will pursue and for the trial court to resentence Crossley accordingly.

. . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

John M. Lintz
Robert Alan Brenner
Hon. Douglas M. Rastatter