**[Cite as *State v. Lough*, 2021-Ohio-230.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-66 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-175 |
| | : | 2019-CR-449 |
| ANGEL M. LOUGH | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 426 Patterson Road, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Angel M. Lough appeals from her conviction following guilty pleas to five counts of second-degree felony aggravated trafficking in drugs and one count of fifth-degree felony aggravated possession of drugs.

{¶ 2} Lough advances two assignments of error. First, she contends the trial court erred in imposing partially-consecutive sentences under R.C. 2929.14(C)(4) where the record clearly and convincingly does not support its consecutive-sentence findings. Second, she claims the trial court erred in failing to comply with R.C. 2929.11 and R.C. 2929.12 when imposing her sentence.

{¶ 3} The record reflects that Lough pled guilty to one count of fifth-degree felony aggravated possession of drugs with a forfeiture specification in Greene C.P. No. 2019-CR-175. At the same time, she also pled guilty to five counts of second-degree felony aggravated trafficking in drugs with forfeiture specifications in Greene C.P. No. 2019-CR-449. In exchange for the pleas, the State agreed to dismiss additional charges in Case No. 2019-CR-449 and indicated that it would recommend an aggregate prison sentence of 10 years in the two cases. The trial court accepted the pleas and made a finding of guilt during an August 23, 2019 plea hearing.

{¶ 4} After hearing from respective counsel and giving Lough an opportunity to make a statement, the trial court imposed a 12-month prison sentence in Case No. 2019-CR-175. In Case No. 2019-CR-449, the trial court imposed five prison sentences of five years each. It ordered the sentences on two counts (counts two and four) to be served concurrently to each other. It also ordered the sentences on the remaining counts (counts six, eight, and ten) to be served concurrently to each other. However, it ordered the

concurrent five-year sentences for counts two and four to be served consecutively to the concurrent five-year sentences for counts six, eight, and ten. In accordance with the recent Reagan Tokes law, the trial court then imposed a maximum term consisting of all the minimum terms to be served consecutively, plus an additional 2.5 years, which was equal to "fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced." R.C. 2929.144(B)(2). The final result was an aggregate indefinite sentence with a minimum term of 10 years and a maximum term of 12.5 years (Sentencing Tr. at 13.) The trial court also advised Lough about her entitlement to early-release consideration and about a rebuttable presumption that she would be released at the expiration of her minimum 10-year term if she did not obtain early release.

{¶ 5} Lough's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. Lough also filed a pro se brief. Upon review, we found one or more non-frivolous clerical errors in the trial court's sentencing entry. On August 12, 2020, we granted the trial court a limited remand to file a nunc pro tunc judgment entry to accurately set forth the sentence it imposed at sentencing. We also set aside appointed counsel's *Anders* brief and appointed new counsel for Lough. We directed new counsel to raise any issues that new counsel believed to have arguable merit after the filing of the trial court's nunc pro tunc judgment entry.

{¶ 6} The trial court filed its nunc pro tunc entry on September 1, 2020. The nunc pro tunc entry was consistent with the sentence the trial court imposed during Lough's sentencing hearing. Following the nunc pro tunc entry, new appointed appellate counsel filed a new appellate brief raising the two assignments of error set forth above.

{¶ 7} In her first assignment of error, Lough challenges the trial court's imposition of partially-consecutive sentences. She acknowledges that the trial court made the findings required under R.C. 2929.14(C)(4). She argues, however, that the record clearly and convincingly fails to support a finding that the harm caused by two or more of her multiple offenses was *so great or unusual* that no single prison term would suffice. Lough also cites her lack of an adult felony record, the non-violent nature of her crimes, and her untreated drug addiction as evidence that consecutive sentencing clearly and convincingly was not supported by the record. Therefore, she asks us to vacate or modify the partially-consecutive aspect of her sentences under R.C. 2953.08(G)(2).

{¶ 8} In its judgment entry, the trial court found that "consecutive service is necessary to protect the public from future crime or to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public and the court also finds the following * * * At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct." (September 1, 2020 nunc pro tunc judgment entry at 6.)

{¶ 9} With regard to the nature of the harm caused, the trial court included the following statement in its judgment entry: "During the Pre-sentence investigation interview, the defendant minimizes her role in the offenses. This Court has been dealing with the crisis of drug addiction for some time, and has recognized drug addiction is a very difficult obstacle to overcome and often times results in death. The Defendant's

actions [are] borderline catastrophic to the public, to wit: distributing toxic poison to human beings for personal financial gain." (*Id.*)

{¶ 10} Similarly, during Lough's sentencing hearing, the trial court characterized the nature of the harm as follows:

Certainly, and most importantly, the Court is dealing with a crisis of drug addiction, and that addiction is certainly fostered and furthered by those who traffic in drugs.

Often these addictions of individuals result in death, so the nature of trafficking in drugs brings to this Court a very serious criminal offense.

The magnitude of harm caused by this is virtually catastrophic to the public and is essentially way too serious for the court to ignore.

(October 17, 2019 Sentencing Tr. at 12.)

{¶ 11} Upon review, we do not believe the record clearly and convincingly fails to support Lough's partially-consecutive sentences. In trial court Case No. 2019-CR-449, Lough pled guilty to five counts of second-degree-felony aggravated drug trafficking. The offenses involved selling methamphetamine to a confidential informant on separate occasions over a period of months. In exchange for the plea, the State dismissed nine other drug charges, including four second-degree felonies, two third-degree felonies, and three fifth-degree felonies. As set forth above, the trial court effectively divided the five convictions into two groups, imposing consecutive five-year prison terms for each, resulting in an aggregate 10-year prison sentence.

{¶ 12} Although Lough did not have an adult felony record, the presentence-investigation report reflected that she did have a record that spanned a number of years.

As a juvenile, she was adjudicated unruly, placed on probation, and violated probation. She also was adjudicated for drug possession, placed on probation, and violated probation. Her juvenile record additionally reflected an adjudication for receiving stolen property that resulted in probation. The PSI report further reflected a juvenile case involving "behavioral problem/runaway" for which she received probation. As an adult, Lough had a conviction for petty theft with a jail sentence. She also had a felony forgery charge that was amended to a misdemeanor. After being found guilty and placed on probation, Lough violated probation and had it revoked. She subsequently had a conviction for possession of drug instruments. She served a partially-suspended jail sentence and was placed on probation, which later was revoked. Lough also had several other cases as both a juvenile and an adult that were dismissed for undisclosed reasons.

{¶ 13} As for Lough's claim that her current drug offenses were "non-violent," we do not disagree. We also have no reason to dispute her claim about having an untreated drug addiction. The PSI report reflected, however, that Lough once received drug-addiction treatment at a women's recovery center but left the facility the same day she went into it. In our view, these facts do not establish that the record clearly and convincingly failed to support the trial court's sentencing decision.

{¶ 14} Lough's final argument is that her drug trafficking did not cause great or unusual harm because her drug sales in this case turned out to be to a confidential informant who was working for the police. At least two other courts have rejected similar arguments, finding sufficient harm to support the imposition of consecutive sentences despite the fact that the defendant actually sold drugs to an informant.

{¶ 15} In the first case, *State v. Waxler*, 6th Dist. Lucas No. L-16-1269, 2017-Ohio-

7536, the trial court "rejected Waxler's attempt to downplay the harm caused by his conduct based upon the fact that the crimes involved sales to law enforcement, finding that Waxler's intention was to provide guns and drugs to people in the community." *Id.* at ¶ 15. On appeal, the Sixth District "agree[d] with the trial court that the harm stemming from Waxler's conduct centers on his intention to distribute drugs and firearms to his community." *Id.* at ¶ 16. In upholding the trial court's consecutive-sentencing decision, the Sixth District deemed "irrelevant" the fact that the defendant's "customer turned out to be a confidential informa[nt]." *Id.*

{¶ 16} Likewise, in *State v. Mason*, 3rd Dist. Allen No. 1-19-74, 2020-Ohio-3505, the defendant challenged the trial court's consecutive-sentence finding about the harm caused by his multiple offenses being so great or unusual that no single prison term adequately would reflect their seriousness. The defendant argued that he merely made four separate drug sales to a confidential informant, which did not justify consecutive sentences. The Third District rejected his argument. Citing *Waxler*, the appellate court noted that the "harm" from his conduct stemmed from his intention to distribute a substantial amount of cocaine to his community notwithstanding the fact that he actually made the sales to a confidential informant. *Id.* at ¶ 18-19. The Third District also noted that the defendant's four sales did not appear to be isolated incidents.[1] *Id.* The same appears to be true in Lough's case. Based on our review of the record, we do not find that it clearly and convincingly failed to support the trial court's imposition of partially-

---

[1] In both *Waxler* and *Mason*, the appellate courts also noted that the drug sales occurred near schools. Although this fact makes a drug offense more egregious, it has no relevance to Lough's claim that there could not be any great or unusual harm because her sales were to a confidential informant.

consecutive sentences.[2] Lough's first assignment of error is overruled.

{¶ 17} In her second assignment of error, Lough contends her aggregate 10-year sentence does not comply with the principles and purposes of sentencing under R.C. 2929.11(B). She also challenges the "adequacy" of the trial court's consideration of the statutory seriousness and recidivism factors under R.C. 2929.12. We find these arguments to be unpersuasive.

{¶ 18} Here the trial court indicated that it had considered the statutory policies that apply to all felony sentences, including those set forth in R.C. 2929.11 and R.C. 2929.12. In *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, the Ohio Supreme Court recently determined that neither R.C. 2953.08(G)(2)(a) nor R.C. 2953.08(G)(2)(b) authorizes an appellate court to review whether the record supports a sentence under R.C. 2929.11 or R.C. 2929.12. With regard to R.C. 2953.08(G)(2)(a), that provision authorizes an appellate court to vacate or modify a sentence where the record does not support certain enumerated statutory findings. But R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and

---

[2] We note too that the record would support the imposition of consecutive sentences based on a finding under R.C. 2929.14(C)(4)(a) that Lough committed one or more of the multiple offenses in trial court Case No. 2019-CR-449 while she was awaiting trial or sentencing in Case No. 2019-CR-175. Although the trial court did not make this finding, the record reflects that Lough committed the drug-trafficking offenses in Case No. 2019-CR-449 between April and July 2019. She was indicted on the felony aggravated drug possession charge in Case No. 2019-CR-175 on March 22, 2019. Therefore, she was under indictment and awaiting trial when she committed one or more of the multiple offenses in Case No. 2019-CR-449, which itself was sufficient grounds for imposing consecutive sentences.

2929.12 because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. As for R.C. 2953.08(G)(2)(b), it permits an appellate court to vacate or modify a sentence that is "contrary to law." But a sentence is not "contrary to law" under R.C. 2953.08(G)(2) simply because an appellate court is of the "view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. Therefore, pursuant to *Jones*, we have no authority to alter Lough's sentence based on our own analysis of the statutory considerations under R.C. 2929.11 and R.C. 2929.12. *See also State v. Bozarth*, 2d Dist. Greene No. 2020-CA-21, 2021-Ohio-14, ¶ 19, citing *Jones*.

{¶ 19} In any event, we also find Lough's arguments to be unpersuasive on their merits. With regard to the principles and purposes of sentencing, Lough's specific argument is that her sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. The cases she cites, however, involve *dissimilar* crimes. *See State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213 (involving a sentence following a conviction for attempted murder and assault); *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592 (involving a sentence following convictions for kidnapping and grand theft of a motor vehicle). A third case Lough cites, *State v. Crossley*, 2d Dist. Clark No. 2018-CA-121, 2019-Ohio-2938, did involve aggravated drug trafficking and other charges in multiple cases that were disposed of together through guilty pleas.[3] The trial court imposed an aggregate 12-year prison sentence consisting of partially consecutive sentences. In exchange for the defendant's guilty pleas, the State agreed to

---

[3] In *State v. Crossley*, 2d Dist. Clark No. 2018-CA-121, 2020-Ohio-6639, this court reopened the defendant's appeal in one of the cases, which involved carrying a concealed weapon, improperly handling firearms in a motor vehicle, and receiving stolen property. The reopened appeal did not affect the case involving the aggravated drug trafficking charges. *Id.* at ¶ 1 fn. 1 and ¶ 10.

dismiss another case and not to pursue additional charges based on a search warrant that had been executed. Although Lough notes that firearms and drug paraphernalia were found in the defendant's home in *Crossley*, these additional facts do not demonstrate that Lough's aggregate 10-year sentence is "inconsistent" with the sentence imposed in *Crossley* or that the defendants in the two cases were similar.

{¶ 20} Finally, we see no grounds for modifying or vacating Lough's sentence based on the trial court's consideration of the statutory seriousness and recidivism factors under R.C. 2929.12. The trial court considered those factors, and we would not find that the record clearly and convincingly failed to support the trial court's application of them even if the Ohio Supreme Court's recent decision in *Jones* did not foreclose such review. Lough's second assignment of error is overruled.

{¶ 21} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies sent to:

Marcy A. Vonderwell
Charles W. Slicer, III
Hon. Stephen Wolaver