[Cite as *State v. Mabe*, 2022-Ohio-2996.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 6-22-01

      v.

SHAYAN MABE,                     O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20212148

**Judgment Affirmed**

**Date of Decision: August 29, 2022**

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Bradford Bailey* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Shayan Mabe ("Mabe"), appeals the February 24, 2022 judgment entry of sentence of the Hardin County Court of Common Pleas. We affirm.

{¶2} On October 14, 2021, the Hardin County Grand Jury indicted Mabe on eight criminal counts: Count One of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(f), a first-degree felony; Count Two of trafficking in cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(g), a first-degree felony; Count Three of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), (I), a fourth-degree felony; Count Four of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility in violation of R.C. 2921.36(A)(2), (G)(2), a third-degree felony; Count Five of possessing criminal tools in violation of R.C. 2923.24(A), (C), a fifth-degree felony; Count Six of possessing drug abuse instruments in violation of R.C. 2925.12(A), (C), a second-degree misdemeanor; Count Seven of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), (F)(1), a fourth-degree misdemeanor; and Count Eight of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. The indictment included firearm and forfeiture specifications as to Counts One and Two. On October 19, 2021, Mabe appeared for arraignment and entered pleas of not guilty.

{¶3} On November 10, 2021, under a superseding indictment, the Hardin County Grand Jury indicted Mabe on 14 Counts: Count One of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(g), a first-degree felony; Count Two trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), (C)(9)(h), a first-degree felony; Count Nine of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(d), a second-degree felony; Count Ten of trafficking in cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(e), a second-degree felony; Count Eleven of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(c), a second-degree felony; Count Twelve of aggravated trafficking in drugs in violation of R.C. 2925.13(A)(2), (C)(1)(d), a second-degree felony; Count Thirteen of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Fourteen of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(a), a fourth-degree felony.[1] The superseding indictment included firearm and forfeiture specifications as to Counts One, Two, and Nine through Fourteen. Mabe appeared for arraignment on November 24, 2021 and entered pleas of not guilty to the new indictment.

{¶4} On January 6, 2022, Mabe withdrew her pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts Eight, Nine, Thirteen, and the forfeiture specifications of the superseding indictment. In exchange for her

---

[1] The charges under Counts Three through Eight remained the same as charged in the original indictment.

change of pleas, the State agreed to dismiss the remaining counts and the firearm specifications. The trial court accepted Mabe's guilty pleas, found her guilty, dismissed the remaining counts and specifications, and ordered a presentence investigation.

{¶5} On February 16 and 23, 2022, the trial court sentenced Mabe to 12 months in prison on Counts Eight and Thirteen, respectively, and to a minimum term of 8 years in prison to a maximum term of 12 years in prison on Count Nine. (Doc. No. 38). The prison terms imposed by the trial court were ordered to be served consecutively for an aggregate sentence of a minimum of 10 years in prison to a maximum term of 14 years in prison. Further, the trial court ordered the property identified in the forfeiture specifications forfeited.[2]

{¶6} Mabe filed a notice of appeal on February 28, 2022.[3] She raises two assignments of error for our review, which we will discuss together.

**Assignment of Error No. I**

**The trial court erred when it imposed consecutive sentences upon the Appellant without facts in the record to support its statutory findings under Ohio Revised Code Section 2929.14(C)(4).**

**Assignment of Error No. II**

**The trial court erred in sentencing the defendant to an indefinite sentence pursuant to the Reagan Tokes Act over the objection of**

---

[2] The trial court filed its judgement entry of sentence on February 24, 2022; however, it filed a nunc pro tunc entry correcting a clerical error on March 1, 2022. (Doc. Nos. 38, 52).
[3] On March 24, 2022, Mabe filed a notice of appeal from the trial court's nunc pro tunc entry. (Doc. No. 56).

**the appellant that the Act was unconstitutional for violating the Separation of Powers clause.**

**{¶7}** In her assignments of error, Mabe argues that the record does not support the trial court's imposition of consecutive sentences and that her sentence is contrary to law. In particular, under her first assignment of error, Mabe argues that the record does not support her consecutive sentence. Under her second assignment of error, Mabe specifically argues that her sentence, imposed under Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), is unconstitutional.

*Standard of Review*

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** We will begin by addressing Mabe's first assignment of error challenging the trial court's imposition of consecutive sentences. "Except as

provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

(4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive

-6-

sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶11} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶12} On appeal, Mabe concedes that the trial court's judgment entry of sentence includes the statement that "'consecutive sentencing is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.'" (Appellant's Brief, quoting Doc. No. 56). Further, Mabe concedes that the trial court's judgment entry of sentence documents its finding that R.C. 2929.14(C)(4)(b) and (c) apply—that is, the trial court found

> that at least two of the multiple offenses were committed as part of
> one or more courses of conduct, and the harm caused by two or more

of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; *and* that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.) (Doc. No. 56). Instead, Mabe contends that the trial court failed to find at her sentencing hearing "that the consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed upon the public as required by the statute" and "that consecutive sentences were needed to protect the public from future crime by the appellant * * * ." (Appellant's Brief at 8). Mabe further argues that the record does not support trial court's findings under R.C. 2929.14(C)(4)(b) or (c).

{¶13} Mabe's arguments are without merit. Rather, based on our review of the record, we conclude that the trial court made the statutorily required findings at Mabe's February 16, 2022 sentencing hearing before imposing consecutive sentences and that the trial court's findings are supported by the record. Specifically, the trial court found that consecutive sentences are necessary in this case to "protect the public from [her] conduct" and because "one single sentence would not sufficiently punish" Mabe. (Feb. 16, 2022 Tr. at 30). (*See also id.* at 26). *Compare State v. Ray*, 8th Dist. Cuyahoga No. 107450, 2019-Ohio-1346, ¶ 37 (concluding that "[t]he trial court specifically found that consecutive sentences were

necessary to protect the public from further drug dealing by Ray" following Ray's conviction for multiple drug-trafficking offenses).

**{¶14}** Moreover, even though the trial court did not use the explicit language of the statute, "the trial court conducted the necessary proportionality analysis and made the required finding." *State v. Smith*, 3d Dist. Defiance No. 4-21-04, 2022-Ohio-420, ¶ 21. *Accord State v. Rodriquez*, 3d Dist. Defiance No. 4-16-16, 2017-Ohio-1318, ¶ 12 ("Although the trial court could have been clearer in the language used at the hearing, the statements of the trial court regarding the serious amount of drugs involved and the danger to the public equate 'to a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.'"), quoting *State v. Fields*, 10th Dist. Franklin No. 16AP-417, 2017-Ohio-661, ¶ 20; *Ray* at ¶ 37 ("And although the trial court did not use the explicit language of the statute, it found that consecutive sentences were not disproportionate to the danger Ray poses to the public when it noted that there were 160 grams of heroin in Ray's apartment, 'enough to kill a small community.'").

**{¶15}** Importantly, Mabe pleaded guilty to three drug-possession offenses in this case. In exchange for her change of pleas, the State agreed to dismiss 11 other drug- and firearm-related charges along with the firearm specifications. Those dismissed charges included two first-degree felonies, three second-degree felonies,

one third-degree felony, two fourth-degree felonies, two misdemeanor offenses, and the firearm specifications. *Accord State v. Lough*, 2d Dist. Greene No. 2019-CA-66, 2021-Ohio-230, ¶ 11.

{¶16} Significantly, at Mabe's February 16, 2022 sentencing hearing, the trial court highlighted that the amount of cocaine that Mabe was found guilty of possessing under Count Nine "is the greatest amount of cocaine [discovered] in Hardin County." (Feb. 16, 2022 Tr. at 22). Likewise, the trial court addressed that, even though Mabe was not convicted of Count One as a result of the negotiated-plea agreement, it was alleged in that count that she possessed "[f]entanyl in an amount that exceeded a hundred grams"—"a mammoth quantity of a deadly substance." (*Id.* at 21). The trial court further discussed the harm caused by fentanyl—namely, the trial court identified that "[f]entanyl overdoses specifically is [sic] the largest cause of death" and that fentanyl "is the most deadly substance that we can imagine." (*Id.* at 21-22). *Compare State v. Hughes*, 5th Dist. No. 15CA0008, 2016-Ohio-880, ¶ 33 (addressing the trial court's findings under R.C. 2929.14(C)(4) and acknowledging that the trial court "noted the difference in the harms inflicted by heroin versus cocaine, deploring the havoc heroin has wreaked upon appellant's community"). Furthermore, the trial court noted that law enforcement discovered Mabe with "a bullet" and "two guns." (Feb. 16, 2022 Tr.

at 23). *See State v. Bass*, 10th Dist. Franklin No. 14AP-992, 2015-Ohio-3979, ¶ 16; *State v. McCoy*, 8th Dist. Cuyahoga No. 103671, 2016-Ohio-5240, ¶ 14.

{¶17} Consequently, we conclude that "[t]he trial court's phraseology in this case is conceptually equivalent to the statutory language, even though the trial court eschewed the phrase 'not disproportionate,'" and that the trial court made the appropriate proportionality finding. *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 21, quoting *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 45.

{¶18} Nevertheless, Mabe argues that the trial court erred by imposing consecutive sentences because the record does not support the trial court's conclusion under R.C. 2929.14(C)(4)(b) that the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term adequately reflects the seriousness of her conduct. Specifically, Mabe argues that the trial court's imposition of consecutive sentences is improper because there is no "evidence that she caused harm to the public beyond the inference that she possessed the substances so as to traffic in them." (Appellant's Brief at 9). We disagree. Instead, the harm from Mabe's conduct stems from her intention to distribute drugs to her community. *Accord State v. Mason*, 3d Dist. Allen No. 1-19-74, 2020-Ohio-3505, ¶ 18 (concluding that "the harm from Mason's conduct stems from his intention to distribute drugs—namely, a significant amount of cocaine—to his

community."), citing *State v. Waxler*, 6th Dist. Lucas No. L-16-1269, 2017-Ohio-7536, ¶ 16 (concluding that "that the harm stemming from Waxler's conduct centers on his intention to distribute drugs and firearms to his community") and *State v. Johnson*, 10th Dist. Franklin No. 16AP-860, 2017-Ohio-9286, ¶ 28 (concluding that the trial court's finding under R.C. 2929.14(C)(4)(b) was "based on the amount of heroin involved" from multiple transactions).

{¶19} In addition to the "record" amount of cocaine found in Mabe's possession, the evidence in the record reveals that Mabe was engaging in a drug-related venture. *Accord id.* at ¶ 19. Importantly, the trial court emphasized that "that this was part of a criminal activity and something more than just for [Mabe's] personal use" based on "the mere fact of this massive quantity of drugs * * * ." (Feb. 16, 2022 Tr. at 23). *See Lough*, 2021-Ohio-230, at ¶ 9-10. Indeed, the record reveals that Mabe was discovered operating a motor vehicle and that, aside from the cocaine, law enforcement found a large amount of fentanyl, two firearms, a 9mm bullet, and instruments commonly used in the drug trade inside the vehicle. The record further reveals that another known drug trafficker was a passenger in the vehicle. In addition, as we previously addressed, the trial court outlined the catastrophic harm posed by the release of fentanyl into the community. *See Lough* at ¶ 9-10. Thus, we conclude that the trial court's finding under R.C. 2929.14(C)(4)(b) is supported by the record. *Accord Mason* at ¶ 19.

**{¶20}** Similarly, Mabe argues that the trial court erred by imposing consecutive sentences because the record does not support the trial court's conclusion under R.C. 2929.14(C)(4)(c) since she "had no significant criminal record." (Appellant's Brief at 9). However, "[b]ecause only one R.C. 2929.14(C)(4)(a)-(c) factor needs to be supported by the record," we need not address Mabe's argument regarding the trial court's finding under R.C. 2929.14(C)(4)(c). *State v. Robinson*, 3d Dist. Hancock No. 5-16-13, 2017-Ohio-2703, ¶ 14. Therefore, we conclude that the trial court properly imposed Mabe's consecutive sentences.

**{¶21}** Turning to Mabe's second assignment of error, Mabe challenges the constitutionality of the Reagan Tokes Law—that is, Mabe argues that the Reagan Tokes Law violates "the principles of Separation of Powers"; "violates the defendant's right to trial by jury"; "is void for vagueness"; and is unconstitutional "because it denies procedural due process." (Appellant's Brief at 10, 12). "A statute may be challenged on constitutional grounds in two ways: (1) that the statute is unconstitutional on its face, or (2) that it is unconstitutional as applied to the facts of the case." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 10. "To mount a successful facial challenge, the party challenging the statute must demonstrate that there is no set of facts or circumstances under which the statute can be upheld." *Id.* "Where it is claimed that a statute is unconstitutional as applied,

the challenger must present clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts." *Id.*

**{¶22}** Assuming without deciding that Mabe properly preserved her constitutional arguments on appeal, we summarily reject her constitutional challenges. Importantly, this court previously determined the constitutionality of the Reagan Tokes Law and rejected similar facial challenges. *Accord State v. Hacker*, 3d Dist. No. 8-20-01, 2020-Ohio-5048, ¶ 18-23. *See also State v. Cervantes*, 3d Dist. Henry No. 7-21-06, 2022-Ohio-2536, ¶ 43-44. Likewise, we continue to follow our precedent rejecting similar as-applied constitutional challenges. *Accord Cervantes* at ¶ 47; *State v. Criswell*, 3d Dist. Marion No. 9-21-40, 2022-Ohio-2450, ¶ 20, citing *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350, ¶ 7, citing *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 41-84 (Gwin, J., concurring in part and dissenting in part). Accordingly, Mabe's sentence is not contrary to law.

**{¶23}** For these reasons, Mabe's first and second assignments of error are overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**