[Cite as *State v. Derrick*, 2021-Ohio-1330.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28878 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-4151 |
| | : | |
| KENNETH DERRICK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant
Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division,
Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DAVID E. STENSON, Atty. Reg. No. 0042671, 131 North Ludlow Street, Suite 316,
Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kenneth Derrick, appeals from his convictions in the Montgomery County Court of Common Pleas after pleading guilty to operating a vehicle while under the influence of alcohol or drugs ("OVI"), possession of a fentanyl-related compound, and aggravated possession of drugs. In support of his appeal, Derrick contends that the trial court's decision to impose consecutive prison sentences contradicted the purposes and principles of felony sentencing in R.C. 2929.11. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On May 20, 2020, Derrick pled guilty to one count of OVI in violation of R.C. 4511.19(A)(1)(a)/(G)(1)(e), a felony of the third degree; one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a felony of the fifth degree; and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), also a felony of the fifth degree. After accepting Derrick's guilty pleas, the trial court ordered a presentence investigation report ("PSI") and indicated that the matter would be scheduled for a sentencing hearing once Derrick was able to obtain certain mental health records that the court agreed to consider when issuing a sentence.

{¶ 3} On July 29, 2020, the trial court held Derrick's sentencing hearing. The trial court stated that it had reviewed the PSI, Derrick's sentencing memorandum, and the various mental health records provided by Derrick; it sentenced Derrick to 36 months in prison for OVI, nine months for possession of a fentanyl-related compound, and nine months for aggravated possession of drugs. The trial court ordered all the prison sentences to be served consecutively for an aggregate term of 54 months in prison.

{¶ 4} Derrick now appeals from his convictions, raising a single assignment of error for review.

**Assignment of Error**

{¶ 5} Under his sole assignment of error, Derrick challenges the trial court's decision to impose consecutive sentences. More specifically, Derrick contends that the trial court's imposition of consecutive sentences contradicted the purposes and principles of felony sentencing in R.C. 2929.11, which are "to protect the public from future crime by the offender * * *, and to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).

{¶ 6} Derrick maintains that, because he has a longstanding history of mental health and substance abuse issues, the public would be better protected if he were sentenced to "concurrent terms of imprisonment with a primary component of residential treatment" as opposed to "simply warehousing him in prison before releasing him into society with the same underlying problems." Derrick also claims that sending him to a rehabilitation facility would be an effective form of punishment since maintaining sobriety is "very taxing work for him."

{¶ 7} As a preliminary matter, we note that Derrick has requested this court to take judicial notice of an amended community control sanctions revocation notice that was filed on December 10, 2019 in Montgomery C.P. No. 2017-CR-2066. The record indicates that Derrick referenced a portion of the revocation notice in his sentencing

memorandum that was filed on June 10, 2020. Specifically, Derrick referenced the second requirement listed on the revocation notice, which stated that Derrick "shall receive a mental health dual-diagnosis assessment and comply with any further treatment recommended by that agency, the court, or division of criminal justice services including medically assisted treatment." Sentencing Mem. p. 3. Derrick now asks this court to take judicial notice of the revocation notice for purposes of deciding this appeal.

{¶ 8} After taking the matter under advisement, we find that it is appropriate for this court to take judicial notice of the revocation notice at issue. R.C. 2953.08(F)(3) provides that: "[o]n the appeal of a sentence * * * the record to be reviewed shall include * * * [a]ny oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed." Here, the trial court stated at the sentencing hearing that it had considered Derrick's sentencing memorandum. Because the sentencing memorandum referenced the revocation notice in Case No. 2017-CR-2066, we find that it is appropriate to consider the revocation notice on appeal.

{¶ 9} In reaching this decision, we note that it is a common practice for appellate courts to take judicial notice of court documents in separate cases that are publically accessible on the internet. *State v. Thompson*, 2d Dist. Montgomery No. 28449, 2019-Ohio-5140, ¶ 4, fn. 1; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10 (finding that a court can take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet). Therefore, for all the foregoing reasons, Derrick's request for this court to take judicial notice of the revocation notice in Case No. 2017-CR-2066 is well taken.

{¶ 10} We now turn our attention back to our review of Derrick's sentence. It is

well established that when reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes (including R.C. 2929.14(C)(4), which concerns the imposition of consecutive sentences); or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 11} As noted above, Derrick argues that the trial court's decision to impose consecutive sentences does not comply with the overriding purposes and principles of felony sentencing in R.C. 2929.11. It is, however, erroneous for an appellate court to review consecutive sentences under R.C. 2929.11. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 18. In *Gwynne*, the Supreme Court of Ohio explained that "R.C. 2929.11 and 2929.12 both clearly apply only to *individual* sentences[,]" and that "[c]onsecutive service may not be ordered under R.C. 2929.14(C)(4) until the sentencing judge imposes * * * a sentence for each count by considering the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 17. Therefore the Supreme Court held that consecutive sentences should be analyzed for compliance with R.C. 2929.14(C)(4), not R.C. 2929.11 or R.C. 2929.12. *Id.* at ¶ 18.

{¶ 12} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate

to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 13} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]"   *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings."   *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.).   The

consecutive nature of the trial court's sentencing decision should therefore stand "unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39.

{¶ 14} In this case, the record of the sentencing hearing and the sentencing entry establish that the trial court found: (1) consecutive sentencing is necessary to protect the public from future crime by Derrick and to punish Derrick; (2) consecutive sentences are not disproportionate to the seriousness of Derrick's conduct and the danger he poses to the public; and (3) all three factors under divisions (a), (b), and (c) of R.C. 2929.14(C)(4) apply to Derrick. *See* Sentencing Trans. (July, 29, 2020), p. 39; Termination Entry (July 30, 2020). Therefore, it is clear from the record that the trial court made all the statutorily required consecutive-sentence findings at the sentencing hearing and incorporated those findings into the sentencing entry.

{¶ 15} The trial court's consecutive-sentence findings were also not clearly and convincingly unsupported by the record. The PSI indicated that Derrick had several misdemeanor convictions dating back to 1995, seven of which were for OVI offenses and the most recent being from 2018. Derrick also had a 2017 felony conviction for OVI and a 2018 felony conviction for possession of heroin. The PSI also indicated that Derrick had been sentenced to community control sanctions for both of these felonies and that Derrick had been under those sanctions at the time he committed the offenses in question.

{¶ 16} With regard to Derrick's mental health, the PSI indicated that Derrick had been evaluated by Nova Behavioral Health on May 27, 2020, and was diagnosed with bipolar disorder and depression. The medical records Derrick submitted with his sentencing memorandum also indicated that Derrick had been diagnosed with anxiety

disorder, post-traumatic stress disorder, unspecified schizophrenia, and severe opioid and alcohol use disorder. The PSI indicated that Derrick had completed the STOP program in 2004 and the MonDay program in 2005 but had failed to complete several outpatient substance abuse treatment programs. The medical records Derrick attached to his sentencing memorandum further indicated that Derrick had continually refused to follow through with referrals for inpatient treatment.

{¶ 17} Concerning the offenses in question, the PSI indicated that Derrick had caused an automobile accident while driving under the influence of Clonazepam. When law enforcement officers arrived at the scene, Derrick was found unconscious and suffering from an opioid overdose. Derrick was also found to be in possession of four gel capsules that contained fentanyl and methamphetamine, two tablets that contained Clonazepam, seven marijuana cigarettes, and several items of drug paraphernalia.

{¶ 18} Given all the foregoing information, we cannot say that the record clearly and convincingly failed to support finding a need to protect the public from Derrick or to punish Derrick. We also cannot say that the record clearly and convincingly failed to support finding that consecutive sentences were not disproportionate to the seriousness of Derrick's conduct and the danger he posed to the public. Further, the record did not clearly and convincingly fail to support the trial court's criminal history finding under R.C. 2929.14(C)(4)(c), as Derrick had acquired several criminal convictions over the past 15 years—eight of which were for OVI offenses. Moreover, the record did not clearly and convincingly fail to support the finding under R.C. 2929.14(C)(4)(a), as it is undisputed that Derrick was under non-residential community control sanctions at the time he committed the instant offenses. Because the foregoing consecutive-sentencing findings

were not clearly and convincingly unsupported by the record, the trial court's decision to impose consecutive sentences was proper under R.C. 2929.14(C).

{¶ 19} In so holding, we note that even if Derrick had argued that his *individual prison sentences* contradicted the purposes and principles of felony sentencing in R.C. 2929.11, the Supreme Court of Ohio's recent decision in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, indicates that "we have no authority to alter [Derrick's] sentence based on our own analysis of the statutory considerations under R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Lough*, 2d Dist. Greene No. 2019-CA-66, 2021-Ohio-230, ¶ 18. In *Jones*, the Supreme Court clarified that nothing in R.C. 2953.08(G)(2) authorizes an appellate court to review whether the record supports a sentence under R.C. 2929.11 or R.C. 2929.12. *Jones* at ¶ 30.

{¶ 20} With regard to R.C. 2953.08(G)(2)(a), the Supreme Court held that this provision "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12[.]" *Id.* at ¶ 31. The court reached this conclusion because R.C. 2953.08(G)(2)(a) only authorizes an appellate court to vacate or modify a sentence if it clearly and convincing finds that the record does not support certain findings under specifically listed statutes, and "R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.*

{¶ 21} With regard to R.C. 2953.08(G)(2)(b), the Supreme Court held that this provision also "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The court reached this conclusion because R.C.

2953.08(G)(2)(b) only authorizes an appellate court to vacate or modify a sentence if the sentence is "otherwise contrary to law[,]" and "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32.

{¶ 22} We have held that "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). Here, the record reveals that the trial court considered the criteria in R.C. 2929.11 and R.C. 2929.12. *See* Sentencing Trans. p. 37; Termination Entry. The record also indicates that Derrick's 36-month prison sentence for OVI was within the authorized statutory range for third-degree felonies, and that his nine-month prison sentences for possessing a fentanyl-related compound and aggravated possession of drugs were within the authorized statutory range for fifth-degree felonies. *See* R.C. 2929.14(A)(3) and (A)(5). Therefore, Derrick's individual prison sentences were not otherwise contrary to law. Per *Jones*, this ends our inquiry regarding Derrick's individual prison sentences.

{¶ 23} Because we find no error with regard to the trial court's decision to impose consecutive sentences or with regard to the individual prison sentences imposed by the trial court, Derrick's assignment of error is overruled.

## Conclusion

{¶ 24} Having overruled Derrick's assignment of error, the judgment of the trial

court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
David E. Stenson
Hon. Steven K. Dankof