[Cite as *State v. Wolfe*, 2021-Ohio-1672.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28925 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1494 |
| | : | |
| ERIC WOLFE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of May, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Eric Wolfe, appeals from an order revoking his community control sanctions and imposing sentence. On February 9, 2021, Wolfe's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. Counsel raised one potential assignment of error concerning the fact that the sentence was contrary to law, but found no arguable merit in that claim.

{¶ 2} On February 11, 2021, we notified Wolfe that his counsel found no meritorious claims for review, and we granted him 60 days to file a pro se brief assigning any errors. However, Wolfe did not file a pro se brief.

{¶ 3} Also on February 11, 2021, the State filed a response to the *Anders* brief and said it would not respond to Wolfe's brief because no arguable issues were raised. The State did ask for time to respond if we decided that appealable issues existed and appointed new counsel for Wolfe.

{¶ 4} After reviewing the entire record, including the presentence investigation ("PSI") report, and conducting our independent *Anders* review, we find no issues with arguable merit for Wolfe to advance on appeal. Accordingly, the judgment of the trial court will be affirmed.

## II. Facts and Course of Proceedings

{¶ 5} On May 29, 2020, an indictment was filed in the trial court charging Wolfe with having committed domestic violence against Teri S. Because Wolfe had two prior domestic violence convictions (in July 2002 and in August 2019), the offense was elevated to a third-degree felony. Wolfe pled not guilty to the charge, counsel was

appointed, and bond was set at $15,000 (surety bond). On June 19, 2020, Wolfe's initial counsel was granted leave to withdraw due to the Covid pandemic and counsel's inability to visit with Wolfe in jail. New counsel was appointed for Wolfe the same day.

{¶ 6} On June 25, 2020, Wolfe filed a motion for a bond reduction, but the court continued the bond as previously set. Subsequently, on July 9, 2020, Wolfe appeared in court and pled guilty, based on the State's agreement to reduce the charge to the lesser included offense of domestic violence with one prior conviction, a felony of the fourth degree. During the plea hearing, the court advised Wolfe of his constitutional rights and also fully complied with the requirements of Crim.R.11(C)(2) for accepting pleas. After accepting Wolfe's guilty plea, the court found him guilty of the offense as charged and ordered that a PSI be conducted. Transcript of Proceedings ("Tr."), Plea Hearing, p. 3-10. An entry of waiver and plea was then filed on July 13, 2020.

{¶ 7} The sentencing hearing was held on July 23, 2020, at which time the court sentenced Wolfe to up to five years of community control sanctions (CCS), conditioned on Wolfe's compliance with several conditions. Tr., Sentencing Hearing, at p. 14-15. These conditions included that Wolfe would: (1) comply with the court's general conditions for probationers; (2) undergo intensive supervision with a domestic violence specialist for a period not to exceed five years; (3) complete treatment at Nova House and comply with the agency's further recommendations; (4) obtain and maintain verifiable employment or provide verification of inability to work; (5) have no contact with the victim, Teri S., or come within 1,000 feet of her person, residence, or place of employment; (6) attend and complete the Stop the Violence program; (7) attend and complete domestic violence counseling as the probation officer deemed appropriate; (8) abstain from the use of illegal

drugs of abuse and alcohol; and (9) not be in places where he had reasonable cause to know that illegal drugs, stolen property, or firearms were present. *Id.* The court also warned Wolfe that if he violated any sanction or left the state without permission, the court could impose a longer time under the same sanction, impose more restrictive sanctions, impose 12 months in jail or the MonDay Program, or impose a prison term of 18 months. *Id.* at p. 16.

{¶ 8} The judgment entry, which included the community control sanctions and potential prison sentence, was filed on July 24, 2020. Wolfe did not appeal from the judgment.

{¶ 9} On July 27, 2020 (or only four days after the sentencing hearing), the court filed an order suspending the probationary period for community control and ordering a capias for Wolfe. In the order, the court noted that Wolfe's probation officer had represented that Wolfe's whereabouts had been unknown since July 23, 2020. The police then arrested Wolfe on July 30, 2020, and filed a return of warrant the following day.

{¶ 10} On August 9, 2020, a Notice of CCS Revocation Hearing and Order was filed, and Wolfe was ordered to appear on August 13, 2020. The notice alleged that upon being released from jail, Wolfe went to Teri S.'s residence and damaged her property, a violation of Sanction #6. The notice further alleged that Wolfe had failed to report to the probation department as ordered and was declared an absconder on July 27, 2020. The trial court then held hearings on August 13, 2020 and September 3, 2020. During the first hearing, Wolfe acknowledged receipt of the revocation notice, waived the formal reading of the notice, waived the probable cause hearing, and entered a general

denial.   Tr. at p. 17.

{¶ 11} On September 3, 2020, Wolfe acknowledged receipt of the revocation notice, waived the formal reading of the notice, waived the probable cause hearing, and admitted that he had violated Rules #5 and #6, with the understanding that he would be receiving a sanction of attending the MonDay Program.   Tr. at p. 29.   At that time, Wolfe had been accepted into the program.   *Id.*   After finding that Wolfe had knowingly, intelligently, and voluntarily admitted to the violations, the court held that a violation had occurred and added the MonDay Correctional Institution as a sanction.   *Id.* at p. 21.   The court then filed an order on September 8, 2020, modifying the community control sanctions to require that Wolfe attend the MonDay program.

{¶ 12} Shortly thereafter, on September 21, 2020, the court filed another Notice of CCS Revocation Hearing and Order.   This time, the notice alleged that Wolfe had violated Sanction #10 by failing to complete the MonDay program.   Specifically, Wolfe self-terminated from the program on September 16, 2020.   *Id.* at p. 1.   The court again held a hearing, during which Wolfe acknowledged receipt of the revocation notice, waived the probable cause hearing, and entered an admission that he had violated Sanction #10. Tr. at p. 22.   During the hearing, Wolfe expressed agreement with serving a 12-month prison sentence, with jail credit of 121 days.   *Id.*   Wolfe further agreed that his admission to the violation was being made knowingly, voluntarily, and intelligently.   *Id.*

{¶ 13} The trial court then found, by a preponderance of the evidence, that Wolfe had violated the terms and conditions of community control.   *Id.* at p. 23.   The court therefore revoked community control, sentenced Wolfe to 12 months in prison, and gave Wolfe 121 days of jail credit for time served.   *Id.* at p. 23-24.   The court then filed a

termination entry on September 27, 2020, revoking Wolfe's community control and sentencing him to 12 months in prison, with jail credit of 121 days. Wolfe timely appealed from the judgment on September 30, 2020.

## II. Discussion and Conclusion

{¶ 14} In an *Anders* review, we are required to decide "after a full examination of all the proceedings," whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue will lack arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

{¶ 15} After conducting an independent review of the record pursuant to *Anders*, we agree with Wolfe's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. Specifically, Wolfe stipulated to both violations of community control and was sentenced to a prison term that he had been warned of after he refused to comply with community control sanctions. Wolfe's defiance of the sanctions was obvious, and it occurred in both cases almost immediately after the sanctions were imposed.

{¶ 16} As indicated, Wolfe's counsel raised a potential assignment of error concerning whether the sentence was contrary to law, but found no merit in this claim. Again, we agree.

{¶ 17} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. *Accord State v. Derrick*, 2d Dist. Montgomery No. 28878, 2021-Ohio-1330, ¶ 22.

{¶ 18} Here, the 12-month sentence was within the statutory range of six to 18 months for a fourth-degree felony and was below the maximum penalty. R.C. 2929.14(A)(4). The trial court also complied with the requirement of considering the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *See* Sentencing Tr. at p. 23. While the court did not specifically make findings or give reasons for imposing more than a minimum sentence, there was no requirement to do so. *E.g., State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). .

{¶ 19} Furthermore, the PSI report revealed that Wolfe had a very long history of criminal offenses dating back to the early 1980s. These crimes involved 16 alcohol and drug-related misdemeanor convictions as well as a 2017 felony conviction for aggravated possession of drugs. Wolfe's criminal history also included convictions for domestic violence, menacing, and trespassing, among others. Many of the convictions resulted in suspension of most of Wolfe's jail time, which obviously did not work to prevent future crime. In fact, in November 2019, Wolfe was convicted of menacing (reduced from aggravated menacing) in a case involving the victim here, Teri S. Any prior sanctions clearly did not deter Wolfe from committing domestic violence against Teri S. several

months later in 2020, nor did the sanctions imposed in this case deter Wolfe from returning to Teri S.'s residence the same day that he was released from jail. There is no doubt that community control sanctions did not prevent Wolfe from committing crimes.

{¶ 20} Based on the preceding discussion, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Eric Wolfe
Hon. Gerald Parker