[Cite as *State v. Miller*, 2022-Ohio-3077.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-34 |
| | : | |
| RONALD W. MILLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2022.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, 101 Southmoor Circle NW, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Ronald W. Miller appeals from his conviction in the Champaign County Common Pleas Court following his guilty pleas to two counts of sexual battery in violation of R.C. 2907.03(A)(5) (adoptive parent), felonies of the third degree, and one count of rape in violation of R.C. 2907.02(A)(1)(b) (child under 13), a felony of the first degree. Miller also pled guilty to a sexually violent predator specification attached to one of the sexual battery counts. Miller was sentenced to a mandatory prison term of 20-years-to-life. Miller challenges his sentence on appeal, claiming that the imposition of consecutive sentences was not supported by the record. For the following reasons, we affirm the trial court's decision.

## I.    Factual Background

{¶ 2} The charges in this case arose from allegations that Miller had engaged in sexual conduct and sexual contact over the course of several years with his adopted son. Additional charges were related to allegations that Miller had engaged in sexual conduct and sexual contact with his girlfriend's son, who was under the age of 13.

{¶ 3} On February 1, 2021, Miller was indicted on nine counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) (child under 13), felonies of the third degree; seven counts of rape in violation of R.C. 2907.02(A)(1)(b) (child under 13), felonies of the first degree; and 18 counts of sexual battery in violation of R.C. 2907.03(A)(5) (adoptive parent), felonies of the third degree. Each of the 34 counts also carried a sexually violent predator specification.

{¶ 4} On July 15, 2021, Miller entered into a negotiated plea agreement whereby he pled guilty to one count of sexual battery including a sexually violent predator

specification (Count 18 in the indictment), one count of sexual battery without a sexually violent predator specification (Count 30 in the indictment), and one count of rape without a sexually violent predator specification (Count 34 in the indictment). The remaining counts and specifications were dismissed with no agreement as to sentencing, and Miller agreed to pay court costs. At the time of the plea hearing, the trial court made clear that by operation of law, the sentences on Counts 18 and 34 would have to run consecutively to each other, but that it would be up to the court whether Count 30 should be served concurrently or consecutively to the other two counts.

{¶ 5} At sentencing, the trial court imposed a sentence of 60 months to life-in-prison for Count 18, 10-years-to-life-in-prison for Count 30, and 60 months in prison for Count 34. All sentences were ordered to be served consecutively, for an aggregate mandatory prison term of 20-years-to-life. Miller was designated a Tier III sex offender, ordered to serve a mandatory period of 5 years of post-release control, and ordered to pay court costs. Miller timely appealed.

## II. Review of Miller's Sentence

{¶ 6} In his sole assignment of error, Miller contends that the trial court's consecutive sentence findings pursuant to R.C. 2929.14(C)(4) applicable to Count 30 were not supported by the record. He asks us to modify his sentence on Count 30 to a concurrent sentence for an aggregate prison term of 15-years-to-life. We decline to modify his sentence and affirm the trial court's decision.

{¶ 7} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59

N.E.3d 1231, ¶ 1. When reviewing the imposition of consecutive sentences, an appellate court may increase, reduce, or otherwise modify a sentence, or vacate it all together and remand for resentencing, if it clearly and convincingly finds either (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code," or (2) "that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). *Accord State v. Davis*, 3d Dist. Auglaize No. 2-21-10, 2022-Ohio-1900, ¶ 19. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Dover*, 2d Dist. Clark Nos. 2018-CA-107 and 2018-CA-108, 2019-Ohio-2462, ¶ 7, citing *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 8} While the imposition of concurrent sentences for multiple offenses is presumed pursuant to R.C. 2929.41(A), a court is permitted under R.C. 2929.14(C)(4) to impose consecutive sentences if it makes three findings: (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c). "[T]he trial court must make the requisite findings before imposing consecutive sentences 'at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' " *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 206, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 38.

{¶ 9} In this case, Miller does not dispute that the trial court made the statutorily-required consecutive-sentence findings at the sentencing hearing and incorporated them

into its judgment entry. Rather, he challenges the trial court's findings under R.C. 2929.14(C). Miller first argues that because he did not have a criminal history, there was little or no likelihood of recidivism, and, therefore, the trial court's findings under R.C. 2929.14(C)(4) -- that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public -- were not clearly and convincingly supported by the record. He then makes a blanket assertion, without providing any support, that there is "little or no evidence that Miller's offenses were more serious than conduct normally constituting the offenses of rape and sexual battery. There was little or no evidence that the harm caused was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of Miller's conduct." *Brief of Appellant,* p. 12-13.

{¶ 10} Turning to Miller's first argument, he relies on the recidivism factors identified in R.C. 2929.12(D) and (E) to demonstrate the trial court's error in finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." We do not agree with Miller's contentions. As we have previously recounted, the Supreme Court of Ohio in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, "explained that 'R.C. 2929.11 and 2929.12 both clearly apply only to individual sentences[,]' and that '[c]onsecutive service may not be ordered under R.C. 2929.14(C)(4) until the sentencing judge imposes * * * a sentence for each count by considering the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12.' " *State v. Derrick*, 2d Dist. Montgomery No. 28878, 2021-Ohio-1330, ¶ 11, quoting *Gwynne* at ¶ 17. "Therefore the

Supreme Court held that consecutive sentences should be analyzed for compliance with R.C. 2929.14(C)(4), not R.C. 2929.11 or R.C. 2929.12." *Id.* at ¶ 11, quoting *Gwynne* at ¶ 18. While the factors listed in R.C. 2929.12 may be relevant to a trial court's determination of R.C. 2929.14(C)(4) in some circumstances, they are not dispositive of the trial court's ability to find under R.C. 2929.14(C)(4) that imposition of consecutive sentences is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶ 11} Miller points out that he did not have any prior juvenile adjudications or adult criminal convictions. However, these factors must be weighed against the severity of what he did. The record establishes that Miller, while originally charged with 34 separate felony sex offenses, entered a guilty plea to two counts of sexual battery and one count of rape of a child under 13 years old, as well as a specification that he was a sexually violent predator. A "sexually violent predator" is defined as a person who "commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(1).

{¶ 12} The record further reflects that Miller was a wrestling coach and foster care parent for nearly 20 years, having undergone training to identify child sexual abuse on an annual basis. During that time, Miller engaged in sexual misconduct over a period of several years with two separate minor children who were under his care and/or custody. After accepting C.M. as a foster child, Miller adopted him in 2008 and began sexually abusing him regularly, starting when he was less than 13 years old, until the end of 2019. Presentence Investigation report ("PSI"); Sentencing Tr., p. 21. After Miller's girlfriend

and her three children moved in with Miller in 2019, he began sexually abusing his girlfriend's 10-year-old son, J.C. PSI. As a result of the sexual abuse, both victims received mental health counseling and indicated they had issues such as anxiety and lack of trust. PSI; Sentencing Tr., p. 14. For both victims, Miller was in a position of trust and control as a father or father-figure, which he used to facilitate the on-going abuse and manipulate the victims into performing sexual acts. The sexual abuse of C.M. occurred repeatedly for an extensive period of time, while the sexual abuse of J.C. occurred repeatedly over the course of about a year.

{¶ 13} Miller downplayed the seriousness of his conduct and the harm he caused to the victims in this matter and instead blamed the minor victims for his conduct. In Miller's version of events to the PSI writer, he portrayed both minor victims as sexual deviants who requested that he perform the sexual indiscretions. He claimed C.M., his adopted minor son, asked Miller to do sexual things to C.M., and Miller, an adult, did not stop because he "felt obligated" to continue and "trapped into doing things I know is wrong." PSI. Although Miller claimed he was "ashamed and embarrassed" about what he did with C.M., those feelings did not stop him from turning to J.C. to continue his sexual abuse. He told the children not to tell anyone about what they were doing. After discussing in the PSI how he performed fellatio on 10-year-old J.C., he stated that "[n]ever once did I think that it would be considered rape." *Id.* The trial court noted that although Miller did not have a criminal history, it could not find that he had led a law-abiding life for a significant number of years, considering that the most recent offense occurred in 2021, just before the disclosures occurred, and Miller was arrested soon thereafter. The only

reason the abuse stopped was because the offenses were reported.

{¶ 14} The nature of the offenses, the severity of Miller's course of criminal conduct over a lengthy period of time against multiple victims under his care, and the psychological harm to the victims all contribute to our determination that the trial court's finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public was appropriate. We do not clearly and convincingly find that the record does not support the trial court's findings.

{¶ 15} As for Miller's latter arguments involving the statutory factor under R.C. 2929.14(C)(4)(b) (the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct), he provides no support for his blanket assertions. We note that it was Miller's burden to provide "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(7). Nevertheless, following a thorough review of the record, we cannot say that the record clearly and convincingly does not support the trial court's findings that Miller's offenses were more serious than conduct normally constituting the offenses of rape and sexual battery, and that the harm caused was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of his conduct.

{¶ 16} In sum, we conclude that the trial court engaged in the appropriate analysis and made the requisite findings in support of consecutive sentences, both at the sentencing hearing and in its judgment entry. Further, we cannot clearly and

convincingly find that the record does not support the trial court's consecutive sentence findings.   Miller's assignment of error is overruled.

### III.    Conclusion

**{¶ 17}** Having overruled Miller's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Jane A. Napier
J. David Turner
Hon. Nick A. Selvaggio